UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **ROBERT TODD PERKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 06-2177 |
| **JUDGE THEODIS LEWIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#1) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byrom Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois, Kilgore and Houston Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore. The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations. Because it arguably alleges constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In October 2006, Defendant United States Marshal's Service filed a Motion To Dismiss (#19). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the Motion To Dismiss, On Behalf of Defendant United States Marshal's Service **(#19)** be **GRANTED**.

## I.  Background

The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations. Plaintiff seeks damages.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

Defendant United States Marshal's Service argues that the Court should dismiss the claims against it based on insufficient service of process and sovereign immunity.  Plaintiff has filed a document responding to this motion and other motions to dismiss.

Defendant argues that Plaintiff has failed to satisfy the requirements for service of process set out in Federal Rules of Civil Procedure 4(i).  Specifically, Defendant contends that Plaintiff served the summons and complaint on the agency (the United States Marshal's Service) as required by Section (i)(2)(A) of the Rule, but failed to deliver a copy of the summons and complaint to the United States attorney (or other appropriate designated agency employee) for the relevant district or the Attorney General of the United States as required by Sections (i)(1)(a) and (i)(1)(B) of the Rule.  FED. R. CIV. P. 4(i) (2)(A), (1)(A), (1)(B).

The Court agrees that service of process was insufficient.  More importantly, however, Defendants contend that the United States Marshal's Service has sovereign immunity as to claims for a financial judgment.  The Court agrees.

Plaintiff's complaint seeks monetary damages against the United States Marshal's Service, an agency of the United States.  In the absence of an explicit waiver of sovereign immunity, the Court lacks subject matter jurisdiction over a suit against an agency of the United

States.  *Loeffler v. Frank,* 486 U.S. 549, 554 (1988) ("Absent a waiver of sovereign immunity, the Federal Government is immune from suit."); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  The complaint alleges jurisdiction based on 28 U.S.C. § 1331, but that statute does not provide a waiver of sovereign immunity.  *Garcia v. United States,* 666 F.2d 960, 966 (5th Cir. 1982).  Accordingly, the Court recommends dismissing Defendant United States Marshal's Service.

### IV.  Summary

For the reasons stated above, this Court recommends that the Motion To Dismiss, On Behalf of Defendant United States Marshal's Service **(#19)** be **GRANTED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 7th day of December, 2006.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE