**E-FILED**
Tuesday, 20 March, 2007  09:39:12 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **ROBERT TODD PERKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | )   **Case No. 06-2177** |
| **JUDGE THEODIS LEWIS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#2) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byron Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois and Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore.  The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations.  Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In October 2006, Defendant David Elmore filed a motion to dismiss the claims alleged against him (#14).  Plaintiff filed a general response (#74) addressing all motions to dismiss. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's motion to dismiss **(#14)** be **GRANTED**.

## I.  Background

The complaint appears to allege federal constitutional claims and state law tort claims as well as violations of a number of federal statutes.  Plaintiff seeks damages.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Haines v. Kerner,* 404 U.S. 519, 521 (1972).  In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  *Id*. at 520-21.  The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

## III.  Analysis

Defendant Elmore presents a single argument:  Although he is named as a Defendant, the complaint includes no allegations about him.  After reviewing Plaintiff's complaint and his response to the motions to dismiss, the Court agrees.  Accordingly, the Court recommends granting the motion to dismiss.

## IV.  Summary

For the reasons stated above, this Court recommends that Defendant Elmore's motion to dismiss **(#14)** be **GRANTED**.  Because it is conceivable that Plaintiff can amend his complaint to state a claim, the Court recommends that the dismissal be without prejudice and that Plaintiff

be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of March, 2007.

s/ DAVID G. BERNTHAL<br>
U.S. MAGISTRATE JUDGE