**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **ROBERT TODD PERKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **Case No. 06-2177** |
| **JUDGE THEODIS LEWIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#2) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byron Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois and Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore. The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations. Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In October 2006, Defendant Gillespie Police Department filed a Motion To Dismiss (#30). Plaintiff filed a general response (#74) addressing all motions to dismiss. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#30)** be **GRANTED**.

## I. Background

The complaint appears to allege federal constitutional claims and state law tort claims as well as violations of a number of federal statutes. Plaintiff seeks damages.

Plaintiff mentions Defendant in his allegations related to the Citizens Protection Act of 1998. (28 U.S.C. § 530(B).) He also alleges claims against Defendant based on various statutes under Title 18, Title 28, Title 31, and Title 42 of the United States Code. (#2, pp. 8-15.)

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must allow the plaintiff to amend. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

## III.  Analysis

Defendant Gillespie Police Department argues that the Court should dismiss the complaint as to this Defendant because (1) the Gillespie Police Department is not a legal entity that can be sued; (2) the complaint fails to state a claim upon which relief can be granted; and (3) the complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

### A. Gillespie Police Department Is Not a Suable Entity

Defendant first contends that the Court must dismiss the Gillespie Police Department as a Defendant because it is not a suable entity. To be sued in Illinois, a defendant must have a legal existence, either natural or artificial. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). The Gillespie Police Department is an organizational division of the City of Gillespie and has no separate legal existence. Therefore it is not a suable entity, and the Court recommends dismissing it as a Defendant. Plaintiff may amend his complaint to add the City of Gillespie as a defendant in place of the Gillespie Police Department.

### B. Complaint Fails To Comply with Federal Rules

Defendant also contends that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 with respect to style and fails to state any claims (FED. R. CIV. P. 12(b)(6)). Defendant states that it cannot determine what claims Plaintiff is attempting to assert against itself or any of the named Defendants. Because Plaintiff may amend his complaint to add the proper party, the Court will address these arguments regarding the current complaint.

Plaintiff asserts violations of the Citizens Protection Act of 1998. *See* 28 U.S.C. § 530B, 28 C.F.R. § 77.1 *et seq.* The Citizens Protection Act provides in relevant part as follows:

> (a) An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State.
> (b) The Attorney General shall make and amend rules of the Department of Justice to assure compliance with this section.

28 U.S.C. § 530B(a), (b). However, Plaintiff cannot enforce this statute because the statute does not "create a right or benefit, substantive or procedural, enforceable at law by a party to litigation." 28 C.F.R. § 77.5. Therefore, the Court recommends dismissing Plaintiff's claims under Section 530B for failure to state a claim upon which relief may be granted

The complaint lists the Gillespie Police Department in several other contexts. Specifically, Plaintiff alleges that Defendant Gillespie Police Department violated federal laws

3

by certain other conduct which Plaintiff describes as conspiracy against rights, deprivation of rights, contempt, general statements or entries, kidnapping, due administration of law, obstruction of court orders, obstruction of criminal investigations, retaliating against a witness, victim or informant, and others. Plaintiff lists these behaviors as violations of various chapters of Titles 18, 28, 31, and 42. (#2, pp. 10-15.) Of those statutes, only a few provide for a private right of action. For example, Title 18 consists of criminal statutes, which do not provide for private civil causes of action. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law). *See, e.g., Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983) (no private right of action under 18 U.S.C. § 1505). Therefore, Plaintiff can state no claims for violations of Title 18. Title 28 addresses federal court jurisdiction and Plaintiff cannot state a claim under those statutes. Title 42 U.S.C. § 3631 provides for prevention of intimidation related to fair housing; however, Plaintiff has alleged no claims related to fair housing. Title 42 U.S.C. § 12203 prohibits retaliation and coercion in the context of equal opportunities for individuals with disabilities; Plaintiff has not alleged disability. Title 42 U.S.C. § 14141 is part of the chapter on violent crime control and law enforcement and does not apply to Plaintiff's claims.

More importantly, the bare listing of the statutes in the complaint does not adequately provide Defendants notice of what they allegedly did so that Defendants can prepare responses. The more readily decipherable allegations appear to describe activities of some Defendants during the course of a divorce and/or custody dispute. However, the allegations are deficient – not necessarily because they refer to criminal statutes or other statutes that do not provide a private right of action – but because they do not give Defendants or the Court adequate information regarding what Plaintiff is claiming as to each Defendant. Under federal rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to avoid dismissal on the pleadings. FED. R. CIV. P. 8(a)(2). Nevertheless, the complaint must give "the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved; the discovery process bears the burden of filling in the details." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1215 (2d ed. 1990). Thus, a plaintiff must plead sufficient information to allow the

4

Court and each defendant to understand the gravamen of the complaint. *Doherty v. City of Chi.*, 75 F. 3d 318, 326 (7th Cir. 1996).

Here, Plaintiff's complaint is very confusing and fails to satisfy notice pleading standards. *See Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Accordingly, the Court recommends dismissing Defendant Gillespie Police Department as a Defendant and dismissing all claims against it.

Should Plaintiff wish to amend his complaint, the Court directs him to set forth the particular conduct on the part of each Defendant that forms the basis of the claim(s) as to that Defendant. For example, Plaintiff has referred to 42 U.S.C. § 1983. A plaintiff may assert a claim under Section 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. However, Section 1983 is not itself source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266 (1994), *reh'g denied*, 510 U.S. 1215. To state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). In doing so, the plaintiff must adequately inform the Court and Defendants of the basis of the claim so that Defendants can respond to the allegations.

### IV. Summary

For the reasons stated above, this Court recommends that Defendant Gillespie Police Department be dismissed from this suit and that Defendant's Motion To Dismiss **(#30)** be **GRANTED**. Because it is conceivable that Plaintiff can amend his complaint to state a claim,

the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of March, 2007.

        s/ DAVID G. BERNTHAL
        U.S. MAGISTRATE JUDGE