## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| **ROBERT TODD PERKINS,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )  Case No. 06-2177 |
| **JUDGE THEODIS LEWIS, et al.,** | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#2) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byron Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois and Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore. The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations. Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In October 2006, Defendants Deborah Tuttle and David Tuttle filed a Motion To Dismiss (#41). Plaintiff filed a general response (#74) addressing all motions to dismiss. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#41)** be **GRANTED**.

### I. Background

According to Defendants' motion to dismiss, Deborah Tuttle and David Tuttle are the parents of Porsha Renee Perkins. In his complaint, Plaintiff seems to be trying to allege federal

constitutional claims and state law tort claims as well as violations of a number of federal statutes. Plaintiff seeks damages.

Plaintiff mentions Defendants only twice in his complaint. On Page 9, he states as follows: "Perjury was committed by Porsha Renee Perkins (Tuttle), Scott Harrigan, Deby Tuttle, David Tuttle, and Debbie Elmore." (#2, p. 9.) He also states: "These persons fabricated evidence Porsha Renee Perkins (Tuttle), Scott Harrigan, Deby Tuttle, David Tuttle, and Debbie Elmore." (#2, p. 9.)

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III. Analysis

Plaintiff alleges that Defendants committed perjury and fabricated evidence.

Defendants argue that they have never testified in a matter involving Plaintiff and the allegations are baseless. The Court notes that it cannot consider factual disputes at this time; it must accept as true the allegations in the complaint when ruling on a motion to dismiss.

Defendants also argue that an individual citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another person and therefore, Plaintiff has failed to state a claim. *Leeke v. Timmerman*, 454 U.S. 83, 85-86 ( 1981). The Court agrees. Perjury and fabrication of evidence are criminal offenses. Private citizens cannot compel enforcement of criminal law. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law). Therefore, Plaintiff cannot state a claim against Defendants for perjury or fabrication of evidence.

To the extent that Plaintiff is asserting that Defendants violated the Citizens Protection Act of 1998, his allegations are also unavailing. *See* 28 U.S.C. § 530B, 28 C.F.R. § 77.1 *et seq*. The Citizens Protection Act provides in relevant part as follows:

> (a) An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State.
> (b) The Attorney General shall make and amend rules of the Department of Justice to assure compliance with this section.

28 U.S.C. § 530B(a), (b). Plaintiff cannot enforce this statute because the statute does not "create a right or benefit, substantive or procedural, enforceable at law by a party to litigation." 28 C.F.R. § 77.5. Furthermore, it refers to conduct of government attorneys and the Attorney General. Therefore it does not apply to Defendants. Accordingly, the Court recommends dismissing Plaintiff's claims against Defendants for failure to state claims upon which relief may be granted.

If Plaintiff decides to amend his complaint to try to state claims as to these Defendants, the Court directs him to set forth the particular conduct on the part of each Defendant that forms the basis of the claim(s) as to that Defendant, keeping in mind that the purpose of the complaint is to give "the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1215 (2d ed. 1990). Thus, a complaint must plead sufficient information to allow the Court and the defendants to understand what the claims are. *Doherty v. City of Chi.*, 75 F.3d 318, 326 (7th Cir. 1996).

### IV.  Summary

For the reasons stated above, this Court recommends that Defendants' Motion To Dismiss **(#41)** be **GRANTED**. Because it is conceivable that Plaintiff can amend his complaint to state a claim, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of March, 2007.

        s/ DAVID G. BERNTHAL
        U.S. MAGISTRATE JUDGE