**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **ROBERT TODD PERKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **Case No. 06-2177** |
| **JUDGE THEODIS LEWIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#2) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byron Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois and Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore. The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations. Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In November 2006, Defendants Springfield Police Department and its detectives filed a Motion To Dismiss (#54). Plaintiff filed a general response (#74) addressing all motions to dismiss. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#54)** be **GRANTED**.

## I. Background

In his complaint, Plaintiff seems to be trying to allege federal constitutional claims and state law tort claims as well as violations of a number of federal statutes. Plaintiff's claims

appear to be related to a child custody dispute between Plaintiff and his former spouse, Defendant Porsha Renee Perkins. Plaintiff seeks damages.

Plaintiff mentions Defendant Springfield Police Department and its detectives several times in his complaint. He alleges that, among other things, Springfield Police Department and its detectives intentionally or knowingly misstated evidence, improperly disseminated information during an investigation, failed to disclose exculpatory evidence, and aided and abetted fraud and kidnapping. (#2, pp. 8-10, referring to Citizens Protection Act of 1998.) He alleges that Springfield Police Department and its detectives violated a number of statutes under Title 18 of the United States Code, including "deprivation of rights under color of law" (18 U.S.C. § 242), contempt (18 U.S.C. § 641), aiding and abetting kidnapping (18 U.S.C. § 1201), violating due and proper administration of law (18 U.S.C. § 1505), obstruction of court orders (18 U.S.C. § 1509), obstruction of criminal investigations (18 U.S.C. § 1510), "federal criminal case, restrain harassment of a victim or witness" (18 U.S.C. § 1514), and "sentencing classification of offenses" (18 U.S.C. § 3559). (#2, pp. 10-13.) He alleges several claims based on Title 28 of the United States Code, including "civil rights and elective franchise" (28 U.S.C. § 1343) and "Senate actions" (28 U.S.C. § 1365). He alleges a claim of "false claims" under 28 U.S.C. § 3729 and "civil action for deprivation of rights" under 42 U.S.C. § 1983. Finally, he alleges claims under 42 U.S.C. §§ 3631, 12202, 12203,[1] and 14141.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any

---

[1] Plaintiff's complaint actually listed Section 12103, but there is no such section in the United States Code. Plaintiff is apparently referring to 42 U.S.C. § 12203.

set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

As noted above, Plaintiff alleges a number of claims against Defendant Springfield Police Department and its detectives. Defendant argues that the Springfield Police Department is not a proper party to the suit, the complaint was not properly served pursuant to Federal Rule of Civil Procedure 4(h), and the complaint violates Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. In addition, Defendants contend that Plaintiff may not bring any claims on behalf of his children.

### A.  Claims Brought On Behalf of Plaintiff's Children

The caption of the complaint lists Robert Todd Perkins, "On behalf of minor children Perkins and Bechtel." (#2, p. 1.) The complaint alleges that the children "(Carson Alexander Perkins and Joshua Carter Perkins) were also falsely arrested." (#2, p. 10.)

Plaintiff has filed his complaint *pro se*, that is, on his own behalf without being represented by a lawyer. Black's Dictionary 1221 (6th ed. 1990)). Robert Perkins is free to represent himself, but because he is not a lawyer, he has no authority to appear as legal representative for his children. *Navin v. Park Ridge Sch. Dist.*, 64 270 F.3d 1147, 1149 (7th Cir.

2001). As a result, he cannot file any claims on behalf of his children. The Court recommends dismissing any claims that Plaintiff has allegedly brought on behalf of his children. If Plaintiff wishes to bring claims on behalf of his children, he must have an attorney.

### B. Defendant Is Not a Proper Party

Defendant first contends that the Court must dismiss the Springfield Police Department as a Defendant because it is not a proper party. To be sued in Illinois, a defendant must have a legal existence, either natural or artificial. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). The Springfield Police Department is a department of the City of Springfield and has no separate legal existence. Therefore, it is not a suable entity, and the Court recommends dismissing it as a Defendant. Plaintiff may amend his complaint to add the City of Springfield as a defendant in place of the Springfield Police Department.

### C. Service and Summons

Presumably because Plaintiff has named the Springfield Police Department as a Defendant, Plaintiff served the complaint on a police officer at the Police Department front desk. As Defendant points out, the only individual authorized to accept service on the proper entity, the City of Springfield, is the City Clerk or Mayor. *See* 735 ILCS 5/2-211. Accordingly, the Court agrees that the complaint was not properly served.

### D. Complaint Fails To Comply with Federal Rules of Civil Procedure

Defendant also contends that Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and fails to state any claims pursuant to Rule 12(b)(6). Defendant states that it cannot determine what claims Plaintiff is attempting to assert against itself or any of the named Defendants.

The Court has addressed these issues in its Reports and Recommendations on other motions to dismiss and will not repeat them here. The Court agrees with Defendant; Plaintiff's

complaint is very confusing and fails to satisfy notice pleading standards.  *See Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).  Accordingly, the Court recommends dismissing Defendant Springfield Police Department and its detectives and dismissing all claims against it.

Should Plaintiff wish to amend his complaint, the Court directs him to set forth the particular conduct on the part of each Defendant that forms the basis of the claim(s) as to that Defendant.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant Springfield Police Department and its detectives be dismissed from this suit and that Defendant's Motion To Dismiss **(#54)** be **GRANTED**.  Because it is conceivable that Plaintiff can amend his complaint to state a claim, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.  As to claims purportedly brought on behalf of Plaintiff's minor children, the Court recommends dismissal without prejudice.  If Plaintiff wishes to bring claims on behalf of his children, he must have an attorney.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of March, 2007.

                                                  s/ DAVID G. BERNTHAL  
                                                  U.S. MAGISTRATE JUDGE