E-FILED
Tuesday, 20 March, 2007  10:31:55 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

| | |
|---|---|
| ROBERT TODD PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )     Case No. 06-2177 |
| JUDGE THEODIS LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#2) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byron Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois and Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore.  The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations.  Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In November 2006, Defendant Amy Schmidt filed a Motion To Dismiss (#58).  Plaintiff filed a general response (#74) addressing all motions to dismiss.  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#58)** be **GRANTED**.

## I.  Background

In his complaint, Plaintiff seems to be trying to allege federal constitutional claims and state law tort claims as well as violations of a number of federal statutes.  Plaintiff's claims appear to be related to a child custody dispute between Plaintiff and his former spouse, Defendant Porsha Renee Perkins.  Plaintiff seeks damages.

Plaintiff mentions Defendant Schmidt several times in his complaint.  He alleges that, among other things, Schmidt intentionally or knowingly misstated evidence, improperly disseminated information during an investigation, failed to disclose exculpatory evidence, aided and abetted fraud and kidnapping.  (#2, pp. 8-10, referring to Citizens Protection Act of 1998.) He alleges that Schmidt violated a number of statutes under Title 18 of the United States Code, including "deprivation of rights under color of law" (18 U.S.C. § 242), contempt (18 U.S.C. § 641), aiding and abetting kidnapping (18 U.S.C. § 1201), violating due and proper administration of law (18 U.S.C. § 1505), obstruction of court orders (18 U.S.C. § 1509), obstruction of criminal investigations (18 U.S.C. § 1510), "federal criminal case, restrain harassment of a victim or witness" (18 U.S.C. § 1514), and "sentencing classification of offenses" (18 U.S.C. § 3559).  (#2, pp. 10-13.)  He alleges several claims based on Title 28 of the United States Code, including "civil rights and elective franchise" (28 U.S.C. § 1343), and "Senate actions" (28 U.S.C. § 1365).  He alleges a claim of "false claims" under 28 U.S.C. § 3729 and "civil action for deprivation of rights" under 42 U.S.C.  § 1983.  Finally, he alleges claims under 42 U.S.C. §§ 3631, 12202, 12203,[1] and 14141.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

---

[1]Plaintiff's complaint actually listed Section 12103, but there is no such section in the United States Code.  Plaintiff is apparently referring to 42 U.S.C. § 12203.

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). When a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

As noted above, Plaintiff alleges a number of claims against Defendant Schmidt. Defendant argues that the complaint violates Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure and the claims are frivolous.

The Court has addressed these arguments in its Reports and Recommendations on other motions to dismiss in this case. Consistent with that recommendation, the Court recommends granting Defendant Schmidt's motion to dismiss.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant Schmidt's Motion To Dismiss **(#58)** be **GRANTED**. Because it is conceivable that Plaintiff can amend his complaint to state a claim, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of March, 2007.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE