**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **ROBERT TODD PERKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | )   Case No. 06-2177 |
| **JUDGE THEODIS LEWIS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#2) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byron Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois and Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore. The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations. Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In November 2006, Defendants John Schmidt and Brian Otwell filed a Motion To Dismiss (#62). Plaintiff filed a general response (#74) addressing all motions to dismiss. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#62)** be **GRANTED**.

### I. Background

Plaintiff names Defendant John Schmidt in his capacity as Sangamon County States Attorney and Defendant Brian Otwell in his capacity as Sangamon County Public Defender. In his complaint, Plaintiff seems to be trying to allege federal constitutional claims and state law

tort claims as well as violations of a number of federal statutes. Plaintiff's claims appear to be related to a child custody dispute between Plaintiff and his former spouse, Defendant Porsha Renee Perkins. Plaintiff seeks damages.

The complaint does not mention either of these Defendants by name other than in the caption. However, it does list Sangamon County States Attorney and Sangamon County Public Defender in its allegations involving a number of violations of the Citizens Protection Act of 1998 (28 U.S.C. § 530(B)(a), (b)). The complaint also alleges that the Sangamon County States Attorney and Sangamon County Public Defender violated various statutes under Title 18, Title 28, Title 31, and Title 42 of the United States Code. (#2, pp. 8-15.)

## II. Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

Defendants argue that the complaint fails to comply with Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).  They also argue that the complaint is frivolous, malicious, oppressive, and harassing.

As noted above, Plaintiff alleges a number of claims against the Sangamon County States Attorney and Sangamon County Public Defender.  The Court has addressed the merits of these claims in its Reports and Recommendations on other motions to dismiss and will not repeat them here.  The Court agrees that Plaintiff's complaint is very confusing and fails to satisfy notice pleading standards.  *See Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).  Accordingly, the Court recommends granting Defendants' motion to dismiss.  Should Plaintiff wish to amend his complaint, the Court directs him to set forth the particular conduct on the part of each Defendant that forms the basis of the claim(s) as to that Defendant.

### IV.  Summary

For the reasons stated above, this Court recommends that the Motion To Dismiss for Defendants John Schmidt and Brian Otwell **(#62)** be **GRANTED**.  Because it is conceivable that Plaintiff can amend his complaint to state a claim, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of March, 2007.

                              s/ DAVID G. BERNTHAL
                              U.S. MAGISTRATE JUDGE