UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **ROBERT TODD PERKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 06-2177 |
| **JUDGE THEODIS LEWIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#2) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byron Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois and Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore. The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations. Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In November 2006, Defendant Byron Sims filed a Motion To Dismiss (#66). Plaintiff filed a general response (#74) addressing all motions to dismiss. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#66)** be **GRANTED**.

## I. Background

In his complaint, Plaintiff seems to be trying to allege federal constitutional claims and state law tort claims as well as violations of a number of federal statutes. Plaintiff's claims appear to be related to a child custody dispute between Plaintiff and his former spouse, Defendant Porsha Renee Perkins. Plaintiff seeks damages.

Plaintiff mentions Defendant Sims several times in his complaint. He alleges that, among other things, Sims intentionally or knowingly misstated evidence, improperly disseminated information during an investigation, failed to disclose exculpatory evidence, aided and abetted fraud and kidnapping. (#2, pp. 8-10, referring to Citizens Protection Act of 1998.) He alleges that Sims violated a number of statutes under Title 18 of the United States Code, including "deprivation of rights under color of law" (18 U.S.C. § 242), contempt (18 U.S.C. § 641), aiding and abetting kidnapping (18 U.S.C. § 1201), violating due and proper administration of law (18 U.S.C. § 1505), obstruction of court orders (18 U.S.C. § 1509), obstruction of criminal investigations (18 U.S.C. § 1510), "federal criminal case, restrain harassment of a victim or witness" (18 U.S.C. § 1514), and "sentencing classification of offenses" (18 U.S.C. § 3559). (#2, pp. 10-13.) He alleges several claims based on Title 28 of the United States Code, including "civil rights and elective franchise" (28 U.S.C. § 1343), and "Senate actions" (28 U.S.C. § 1365). He alleges a claim of "false claims" under 28 U.S.C. § 3729 and "civil action for deprivation of rights" under 42 U.S.C. § 1983. Finally, he alleges claims under 42 U.S.C. §§ 3631, 12202, 12203,[1] and 14141.

## II. Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

---

[1] Plaintiff's complaint actually listed Section 12103, but there is no such section in the United States Code. Plaintiff is apparently referring to 42 U.S.C. § 12203.

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). When a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

As noted above, Plaintiff alleges a number of claims against Defendant Sims. Defendant argues that the complaint violates Rule 12(b)(6) of the Federal Rules of Civil Procedure. He also addresses the statutory basis for some of the claims. Regarding Plaintiff's Section 1983 claim, Defendant contends that Plaintiff failed to state a claim because he failed to allege that Defendant was acting under color or law or that he deprived Plaintiff of his constitutional rights.

Regarding Plaintiff's purported Section 1983 claim, a plaintiff may assert a Section 1983 claim for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. However, Section 1983 is not itself source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266 (1994), *reh'g denied*, 510 U.S. 1215. To state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). In doing so, a plaintiff

must adequately inform the Court and Defendants of the basis of the claim so that Defendants can respond to the allegations. The Court agrees with Defendant that Plaintiff has failed to state a claim.

The Court has addressed the remaining arguments in its Reports and Recommendations on other motions to dismiss in this case. Consistent with those recommendation, the Court recommends granting Defendant Sims's motion to dismiss.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant Sims's Motion To Dismiss **(#66)** be **GRANTED**. Because it is conceivable that Plaintiff can amend his complaint to state a claim, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of March, 2007.

                                        s/ DAVID G. BERNTHAL
                                        U.S. MAGISTRATE JUDGE