UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **ROBERT TODD PERKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **Case No. 06-2177** |
| **JUDGE THEODIS LEWIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#2) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byron Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois and Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore.  The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations.  Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In November 2006, Defendant Broderick Benson filed a Motion To Dismiss (#69). Plaintiff filed a general response (#74) addressing all motions to dismiss.  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#69)** be **GRANTED**.

## I. Background

Defendant Benson is a special investigator for the Texas Department of Family and Protective Services.  (#69, p. 1, #2, p. 13.)  In his complaint, Plaintiff seems to be trying to allege federal constitutional claims and state law tort claims as well as violations of a number of federal

statutes. Plaintiff's claims appear to be related to a child custody dispute between Plaintiff and his former spouse, Defendant Porsha Renee Perkins. Plaintiff seeks damages.

Plaintiff has alleged a number of violations of the Citizens Protection Act of 1998 (28 U.S.C. § 530(B)). He also alleges violations of various statutes under Title 18, Title 28, Title 31, and Title 42 of the United States Code. (#2, pp. 8-15.) The complaint mentions Defendant Benson in only one place, apparently stating a claim that Defendant violated 18 U.S.C. § 2236 by conducting a search without a warrant.

## II. Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must allow the plaintiff to amend. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

Defendant Benson argues that the Court should dismiss the claims against him because (1) the Court lacks personal jurisdiction over him; (2) Plaintiff's claims are barred by the Eleventh Amendment; (3) alternatively, Plaintiff's claims are barred by the doctrine of qualified immunity; and (4) the complaint fails to state a claim pursuant to Rule 12(b)(6).

### A.  Personal Jurisdiction

Defendant first contends that the Court lacks personal jurisdiction over him.  His argument is based on factual information he provides in his memorandum, but it is not supported by affidavit.  *Nelson by Carson v. Park Inds., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983) ("To determine whether exercising personal jurisdiction is proper, a court may receive and weigh affidavits.").  However, unsupported statements in a brief are not evidence and cannot be given any weight.  *Glass v. Rodriguez*, 417 F. Supp. 2d 943, 944-45 (N.D. Ill. 2006) (in summary judgment context).

Once personal jurisdiction has been challenged under Rule 12(b)(2), the plaintiff bears the burden of establishing that the Court has jurisdiction over each defendant.  *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).  A plaintiff need only make a *prima facie* case that jurisdiction over a defendant is proper.  *Id*.  To that end, the Court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit.  *Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir.1987).

Here, Plaintiff has not made any allegations regarding the Court's personal jurisdiction over Defendant Benson.  However, Defendant has provided no affidavit or evidence to support his argument that the Court lacks personal jurisdiction.  At the motion to dismiss stage, the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.  *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).  Accordingly, the Court cannot conclude that it lacks personal jurisdiction over Defendant at this time.

### B.  Eleventh Amendment

Defendant next argues that the Eleventh Amendment bars the claims against him.

The only claim against Defendant Benson is that Defendant violated 18 U.S.C. § 2236 by conducting a search without a warrant.  Title 18 consists of criminal statutes, which do not provide for private civil causes of action.  *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law).  *See also Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983) (no private right of action under 18 U.S.C. § 1505).  Defendant has reasonably interpreted this claim as alleging an unconstitutional search in violation of the Fourth Amendment.  Section 1983 of Title 42 provides the vehicle for a plaintiff to assert a constitutional claim in federal court.

Plaintiff does not expressly indicate whether he is suing Defendant in his individual or official capacity.  When a plaintiff fails to indicate capacity in which he is suing an individual, a court reviews the complaint and determines whether the claims brought, including the relief sought, indicate the capacity in which the plaintiff is seeking to sue.  *Hill v. Shelander*, 924 F.2d 1370, 1373-74 (7th Cir. 1991).  In this case, Plaintiff has referred to Defendant in the caption as "Broderick Benson (Texas CPS)," which would normally point to an official capacity suit.  Furthermore, Plaintiff alleges only that "Benson (Texas children's protective services)" conducted an illegal search.  (#2, p. 13.)  Therefore, the Court concludes that, for purposes of this ruling, Plaintiff has sued Benson in his official capacity.

A claim against a state official in his official capacity is the same as a claim against the official's employer, in this case, the State of Texas.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (stating that an official capacity suit is simply another way of pleading an action against an entity of which an employee is an agent).  The Eleventh Amendment bars claims for damages against state officials in their official capacities.  *Vance v. Peters*, 97 F.3d 987, 990 (7th Cir. 1996) ("It is well established, of course, that any claim for damages under 42 U.S.C. § 1983 against state officials in their official capacities must be dismissed as barred by the Eleventh

Amendment."). Accordingly, assuming that it has personal jurisdiction over Defendant Benson, the Court recommends granting Defendant's motion to dismiss the claim against him.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant Broderick Benson's Motion To Dismiss **(#69)** be **GRANTED**.  Because it is conceivable that Plaintiff can amend his complaint to state a claim, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of March, 2007.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE