UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **ROBERT TODD PERKINS,** )  | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 06-2177 |
| **JUDGE THEODIS LEWIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#2) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byron Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois and Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore. The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations. Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In December 2006, Defendants Lewis, Shiffman, Kelley, Belz, and Madigan filed a Motion To Dismiss (#76). Plaintiff filed a general response (#74) addressing all motions to dismiss. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#76)** be **GRANTED**.

### I. Background

Defendants Lewis, Shiffman, Belz, and Kelley are judges who at one time presided in Sangamon County, Illinois, and were involved in some way in Plaintiff's divorce proceeding and the child custody dispute between Plaintiff and his former spouse, Defendant Porsha Renee

Perkins.  Defendant Madigan is the Illinois Attorney General.  Plaintiff's complaint appears to allege federal constitutional claims and state law tort claims as well as violations of a number of federal statutes.  Plaintiff seeks damages.

Plaintiff mentions Defendant judges in his allegations related to the Citizens Protection Act of 1998 (28 U.S.C. § 530(B).)  He also alleges claims against them based on various statutes under Title 18, Title 28, Title 31, and Title 42 of the United States Code.  (#2, pp. 8-15.)  The complaint mentions Defendant Madigan in one place where he cites 18 U.S.C. § 1202 and states "ransom money."  (#2, p. 15.)  The complaint also refers to the Attorney General in several paragraphs on page 13, which we assume refers to Defendant Madigan.  Although these allegations refer to violations of Title 28, Part II, of the United States Code, which is directed toward the United States Attorney General, they generally allege that the attorney general, that is, Defendant Madigan, has a responsibility to investigate Defendants in this case, to enforce laws, and to investigate the complaint against Defendants.  (#2, p. 13.)

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Haines v. Kerner,* 404 U.S. 519, 521 (1972).  In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  *Id*. at 520-21.  The Court need not, however, credit a *pro se* plaintiff's "bald

assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

Defendants argue that (1) the claims against Defendants in their official capacities are barred by the Eleventh Amendment; (2) Defendant judges are entitled to absolute judicial immunity; (3) alternatively, the complaint fails to state a claim against Defendant judges or Defendant Madigan; and (4) to the extent the complaint seeks review of the circuit court's orders on Plaintiff's divorce and custody, the Rooker-Feldman doctrine bars Plaintiff's claims.

#### A.  The *Rooker-Feldman* Doctrine

Defendants argue that the *Rooker-Feldman* doctrine bars the suit. The *Rooker-Feldman* doctrine denies lower federal courts the authority to overturn a state court judgment. *See Loubser v. Thacker*, 440 F.3d 439, 440 (7th Cir. 2006). However, it does not bar a claim that a defendant in a civil rights suit "so far succeeded in corrupting the state judicial process as to obtain a favorable judgment." *Id.* at 441, quoting *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995). "Otherwise there would be no federal remedy other than an appeal to the U.S. Supreme Court, and that remedy would be ineffectual because the plaintiff could not present evidence showing that the judicial proceeding had been a farce." *Id.*

The Court has reviewed the complaint and concludes that it is unclear what claims are being made and against whom. As a result, the Court cannot determine whether the *Rooker-Feldman* doctrine bars the claims in this case.

#### B.  Absolute Judicial Immunity

Defendant judges also argue that the claims against them are barred by the doctrine of absolute judicial immunity.

Judges are entitled to absolute immunity for their judicial conduct. *Snyder v. Nolen*, 380 F.3d 279, 286 (7th Cir. 2004) ("judges are entitled to absolute immunity from damages for their judicial conduct"), quoting *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). Although it is not entirely clear what claims Plaintiff is alleging, all of the claims against Defendant judges relate to their judicial conduct. Thus, they are entitled to absolute immunity for their conduct in this case and the Court recommends dismissing them from the suit.

### C.  Eleventh Amendment

Defendants also argue that the Eleventh Amendment bars any claims for damages against them in their capacities as state officials. Because it has recommended dismissing Defendant judges on the basis of absolute immunity, the Court will consider the Eleventh Amendment argument as it applies to Illinois Attorney General Madigan.

Plaintiff does not expressly indicate whether he is suing Defendant Madigan in her individual or official capacity. When a plaintiff fails to indicate the capacity in which he is suing an individual, a court reviews the complaint and determines whether the claims brought, including the relief sought, indicate the capacity in which the plaintiff is seeking to sue. *Hill v. Shelander*, 924 F.2d 1370, 1373-74 (7th Cir. 1991). In this case, Plaintiff has referred to Defendant in the caption by her title, which would normally point to an official capacity suit. Furthermore, the allegations, to the extent the Court can determine, appear to be based on Madigan's conduct as Illinois Attorney General. Therefore, the Court concludes that, for purposes of this ruling, Plaintiff has sued Defendant in her official capacity.

A claim against a state official in her official capacity is the same as a claim against the official's employer. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (stating that an official capacity suit is simply another way of pleading an action against an entity of which an employee is an agent). Here, Defendant Madigan is an employee of the State of Illinois.

The Eleventh Amendment bars claims for damages against state officials in their official capacities. *In re Chi. Flood Litig.*, 719 N.E.2d 1117, 1129 (Ill. App. Ct. 1999); *Vance v. Peters*,

97 F.3d 987, 990 (7th Cir. 1996) ("It is well established, of course, that any claim for damages under 42 U.S.C. § 1983 against state officials in their official capacities must be dismissed as barred by the Eleventh Amendment."). Thus, the Eleventh Amendment bars Plaintiff's claims for damages against Defendant Madigan. Accordingly, the Court recommends granting Defendant Madigan's motion to dismiss the claims against her.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendants' Motion To Dismiss **(#76)** be **GRANTED** with prejudice. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 20th day of March, 2007.

                                                           s/ DAVID G. BERNTHAL
                                                           U.S. MAGISTRATE JUDGE