**E-FILED**
Tuesday, 20 March, 2007  11:02:34 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

| | |
|---|---|
| ROBERT TODD PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   **Case No. 06-2177** |
| JUDGE THEODIS LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#2) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byron Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois and Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore.  The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations.  Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In February 2007, Defendant Scott Harrigan filed a Motion To Dismiss (#85).  Plaintiff filed a general response (#74) addressing all motions to dismiss and he filed a separate response (#89) to this motion.  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#85)** be **GRANTED**.

## I.  Background

In his complaint, Plaintiff seems to be trying to allege federal constitutional claims and state law tort claims as well as violations of a number of federal statutes.  Plaintiff's claims

appear to be related to a child custody dispute between Plaintiff and his former spouse, Defendant Porsha Renee Perkins.  Plaintiff seeks damages.

Plaintiff mentions Defendant Harrigan several times in his complaint.  He alleges that Harrigan intentionally or knowingly misstated evidence, improperly disseminated information during an investigation, committed perjury, fabricated evidence, failed to disclose exculpatory evidence, aided and abetted fraud and kidnapping.  (#2, pp. 8-10, referring to Citizens Protection Act of 1998, 28 U.S.C. § 530(B).)  He alleges that Harrigan violated a number of statutes under Title 18 of the United States Code, including "deprivation of rights under color of law" (18 U.S.C. § 242), contempt (18 U.S.C. § 641), "aiding and abetting kidnapping" (18 U.S.C. § 1201), "violating due and proper administration of law" (18 U.S.C. § 1505), "obstruction of court orders" (18 U.S.C. § 1509), "obstruction of criminal investigations" (18 U.S.C. § 1510), "federal criminal case, restrain harassment of a victim or witness" (18 U.S.C. § 1514), and "sentencing classification of offenses" (18 U.S.C. § 3559).  (#2, pp. 10-13.)  He alleges several claims based on Title 28 of the United States Code, including "civil rights and elective franchise" (28 U.S.C. § 1343), and "Senate actions" (28 U.S.C. § 1365).  He alleges a claim of "false claims" under 28 U.S.C. § 3729 and "civil action for deprivation of rights" under 42 U.S.C. § 1983.  Finally, he alleges claims under 42 U.S.C. §§ 3631, 12203,[1] and 14141.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any

---

[1]Plaintiff's complaint actually listed Section 12103, but there is no such section in the United States Code.  Plaintiff is apparently referring to 42 U.S.C. § 12203.

set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id.* at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

As noted above, Plaintiff alleges a number of claims against Defendant Harrigan. Defendant states that the claims are frivolous, filed in bad faith, and seek recovery based on alleged injustices related to a custody matter. Consistent with its consideration of other motions in this case, the Court recommends dismissing the claims for the following reasons.

As to those claims that appear to assert that Defendant has committed a crime, an individual citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another person. *Leeke v. Timmerman*, 454 U.S. 83, 85-86 ( 1981). Therefore, Plaintiff has failed to state a claim with these allegations. Private citizens cannot compel enforcement of criminal law. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986).

To the extent that Plaintiff is asserting that Defendant violated the Citizens Protection Act of 1998, his allegations are also unavailing. *See* 28 U.S.C. § 530B, 28 C.F.R. § 77.1 *et seq.* The Citizens Protection Act provides in relevant part as follows:

(a) An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State.
(b) The Attorney General shall make and amend rules of the Department of Justice to assure compliance with this section.

28 U.S.C. § 530B(a), (b).  Plaintiff cannot enforce this statute because the statute does not "create a right or benefit, substantive or procedural, enforceable at law by a party to litigation." 28 C.F.R. § 77.5.  Furthermore, it refers to conduct of government attorneys and the Attorney General.  Therefore it does not apply to Defendant Harrigan.

Plaintiff also alleges that Defendant Harrigan violated federal laws by other conduct which Plaintiff describes as conspiracy against rights, deprivation of rights, contempt, general statements or entries, kidnapping, due administration of law, obstruction of court orders, obstruction of criminal investigations, retaliating against a witness, victim or informant, and others.  Plaintiff lists these behaviors as violations of various chapters of Titles 18, 28, 31, and 42.  (#2, pp. 10-15.)  Those statutes do not apply to the alleged claims or do not provide a private right of action.  For example, Title 18 consists of criminal statutes, which do not provide for private civil causes of action.  *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law).  *See also Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983) (no private right of action under 18 U.S.C. § 1505).  Therefore, Plaintiff can state no claims for violations of Title 18.  Title 28 addresses federal court jurisdiction and Plaintiff cannot state a claim under those statutes.  Title 42 U.S.C. § 3631 provides for prevention of intimidation related to fair housing; however, Plaintiff has alleged no claims related to fair housing.  Title 42 U.S.C. § 12203 prohibits retaliation and coercion in the context of equal opportunities for individuals with disabilities; Plaintiff has not alleged disability.  Title 42 U.S.C. § 14141 is part of the chapter on violent crime control and law enforcement and does not apply to Plaintiff's claims.

More importantly, the bare listing of the statutes in this complaint does not adequately give Defendants notice of what they allegedly did so that Defendants can respond.  The more

4

readily decipherable allegations appear to describe activities of some Defendants during the course of a divorce and/or custody dispute.  However, the allegations are deficient – not necessarily because they refer to criminal statutes or other statutes that do not provide a private right of action – but because they give Defendants and the Court inadequate information regarding what Plaintiff is claiming as to each Defendant.  Under federal rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to avoid dismissal on the pleadings.  FED. R. CIV. P. 8(a)(2).  The purpose of the complaint is to give "the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved; the discovery process bears the burden of filling in the details."  5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1215 (2d ed. 1990).  Thus, a plaintiff must plead sufficient information to allow the Court and the defendant to understand the gravamen of the complaint.  *Doherty v. City of Chi.*, 75 F. 3d 318, 326 (7th Cir. 1996).


Here, Plaintiff's complaint fails to satisfy notice pleading standards.  Accordingly, the Court recommends granting Defendant's motion to dismiss.  Should Plaintiff wish to amend his complaint, the Court directs him to set forth the particular conduct on the part of each Defendant that forms the basis of the claim(s) as to that Defendant.  For example, Plaintiff has referred to 42 U.S.C. § 1983.  A plaintiff may assert a claim under Section 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  However, Section 1983 is not itself source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  *Albright v. Oliver*, 510 U.S. 266 (1994), *reh'g denied*, 510 U.S. 1215.  To state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person

acting under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).  In doing so, a plaintiff must adequately inform the Court and Defendants of the basis of the claim so that Defendants can respond to the allegations.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant Harrigan's Motion To Dismiss **(#85)** be **GRANTED**.  Because it is conceivable that Plaintiff can amend his complaint to state a claim, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 20th day of March, 2007.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE