UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **ROBERT TODD PERKINS,** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**JUDGE THEODIS LEWIS, et al.,** )<br>)<br>**Defendants.** ) | **Case No. 06-2177** |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Robert Todd Perkins filed a complaint (#2) against Judge Theodis Lewis, Judge Stuart Shiffman, Judge Patrick Kelley, Judge John Belz, Illinois Attorney General Lisa Madigan, Sangamon County States Attorney John Schmidt, Byron Sims, Amy Schmidt, Greg Scott, Sangamon County Public Defender Brian Otwell, Springfield Police Department and detectives, Gillespie Police Department, United States Marshals (in Illinois and Texas), Broderick Benson, Porsha Renee Perkins, Scott Harrigan, Deby Tuttle, David Tuttle, Debbie Elmore, and David Elmore. The complaint appears to allege tort claims and constitutional claims, as well as a number of statutory violations. Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In February 2007, Defendant Porsha Renee Harrigan (Perkins) filed a Motion To Dismiss (#86). Plaintiff filed a general response (#74) addressing all motions to dismiss and he filed a separate response (#90) to this motion. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#86)** be **GRANTED**.

## I. Background

The complaint appears to allege federal constitutional claims and state law tort claims as well as violations of a number of federal statutes. Plaintiff's claims appear to be related to a

child custody dispute between Plaintiff and his former spouse, Defendant Porsha Renee Perkins. Plaintiff seeks damages.

Plaintiff mentions Defendant Perkins in his allegations related to the Citizens Protection Act of 1998 (28 U.S.C. § 530(B)). He also alleges claims against Defendant based on various statutes under Title 18, Title 28, Title 31, and Title 42 of the United States Code. (#2, pp. 8-15.)

## II. Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but may allow the plaintiff to amend. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

## III. Analysis

Defendant argues that the complaint is frivolous, appears to have been filed in bad faith, and is seeking recovery based on alleged injustices related to a custody matter.

Consistent with its Reports and Recommendations addressing other motions to dismiss, the Court finds that Plaintiff's complaint is very confusing and fails to satisfy notice pleading standards. *See Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). The bare listing of the statutes in this complaint does not adequately provide Defendants notice of what they allegedly did so that Defendants can prepare responses. The allegations are deficient – not necessarily because they refer to criminal statutes or other statutes that do not provide a private right of action – but because they give Defendants and the Court inadequate information regarding what Plaintiff is claiming as to each Defendant. Under federal rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to avoid dismissal on the pleadings. FED. R. CIV. P. 8(a)(2). Thus, a plaintiff must plead sufficient information to allow the Court and the defendant to understand the gravamen of the complaint. *Doherty v. City of Chi.*, 75 F. 3d 318, 326 (7th Cir. 1996). Accordingly, the Court recommends dismissing the complaint with leave to amend. Should Plaintiff wish to amend his complaint, the Court directs him to set forth the particular conduct on the part of each Defendant that forms the basis of the claim(s) as to that Defendant.

Plaintiff has stated "clear constitutional violations" on the first page of his complaint. A plaintiff may assert a claim pursuant to 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 is not itself source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266 (1994), *reh'g denied*, 510 U.S. 1215. To state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). In doing so, the plaintiff must adequately

inform the Court and Defendants of the basis of the claim so that Defendants can respond to the allegations.

However, the fact that Plaintiff appears to be seeking recovery for issues related to a custody matter raises a question regarding whether the Court has jurisdiction over this suit. As noted above, Plaintiff indicates in his complaint that he is asserting constitutional claims. In his response to motions to dismiss, however, he stated that he seeks relief including the following:

> Placing his children / property in his sole care . . ., removing any sort of child support obligations that currently exist against him. Expunge all criminal records in Texas, Louisiana and Illinois stemming from this summers (6/14/06 time frame) illegal detention / incarceration. Re-instate the property and contents (many of which have been procured by Marylou Longoria's own admission . . . .) . . . Contact the financial entity that extended Robert Todd Perkins the loan on the aforementioned property and eradicate the debt and draft letters to the three major credit bureau's explaining this situation and re-establish my positive credit status.
> . . . .
>
> Finally, pay the amounts required . . . and administer and levy the fines and prison time for the criminals involved in this illegal abduction of my children.

Plaintiff's response, #74, pp. 1, 2. Plaintiff lists a number of other forms of relief having to do with property issues that the Court need not enumerate here.

The relief that Plaintiff seeks, as described in his response, indicates that Plaintiff may be challenging state court rulings regarding custody and child support. This Court cannot revisit state court orders regarding custody and child support. The Court can exercise jurisdiction over Plaintiff's claims only if they raise a federal question based on the Constitution or federal laws. 28 U.S.C. § 1331.

### IV. Summary

For the reasons stated above, this Court recommends that Defendant's Motion To Dismiss **(#86)** be **GRANTED**. Because it is conceivable that Plaintiff can amend his complaint

to state a claim, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of March, 2007.

                                                    s/ DAVID G. BERNTHAL
                                                    U.S. MAGISTRATE JUDGE